(No. 4152-

ROBERT B. RADFORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1950.*

ROBERT H. ALLISON AND HERBERT N. TRAGETHON, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Robert B. Radford, 62 years of age, was employed on June 17, 1948 by the Department of Public Welfare, State of Illinois, at Peoria State Hospital, and was working the shift from 3:00 P.M. to 11:00 P.M. in Ward Z-3, called the receiving ward. Claimant was married, but there is no proof of any children under 16 years of age.

No jurisdictional questions are raised, and injuries

of claimant were sustained in the course of his employment.

Claimant's earnings for the year preceding his injury were $1,997.00.

At about 7:45 P.M. on June 17, 1948 an altercation ensued between claimant and a patient by the name of Lester Moomaw. Claimant received very painful injuries, consisting of fractured ribs, and a later diagnosis confirmed a diaphragmatic hernia for which he underwent surgery. After the operation claimant suffered weakness and numbness of both feet and lower extremities, and complained of pain in left shoulder. Claimant has a persistent foot drop of his left foot, and it is necessary for him to wear a brace to correct this. Dr. Lloyd Finley Teter's report admitted, without objection, that claimant had 25 to 50% total and permanent loss of the use of his left leg. It is apparent that the condition of claimant's leg resulted from his injuries, and the treatment therefor.

All hospital and medical expenses have been paid by respondent. Claimant expended the sum of $195.60 for expenses to and from various doctors and hospitals authorized by respondent, for this claimant should be reimbursed.

On the basis of this record the Court concludes claimant has sustained a 35% permanent specific loss of use of the left leg. Claimant was temporarily permanently disabled for 47 6/7 weeks for which he is entitled to compensation at the rate of $19.50 per week, or $933.21. During his temporary disability claimant was paid by the department the sum of $878.67. This deducted from $933.21 leaves a balance due of $54.54.

Stenographic services at the hearing were furnished and reported by Johnson Fleming, for which he has sub-

mitted a statement in the amount of $65.70, which the Court finds to be reasonable.

On the basis of the record the Court makes the following award:

For temporary total disability to claimant balance due $54.54, which has accrued and is payable forthwith.

For 35% specific loss of use of left leg of claimant, 66½ weeks at $19.50 per week for a total of $1,296.75, all of which has accrued and is payable forthwith.

The sum of $195.60 to claimant for money necessarily expended by him to receive treatment for his said injuries.

The sum of $65.70 for stenographic services, payable to Johnson Fleming.

This award is subject to the approval of the Governor, as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''